# BURSOR & FISHER
### P.A.

1330 AVENUE OF THE AMERICAS
32ND FLOOR
NEW YORK, NY 10019
www.bursor.com

YITZCHAK KOPEL
Tel: 646.837.7127
Fax: 212.989.9163
ykopel@bursor.com

September 19, 2025

***Via ECF***
The Honorable Jeannette A. Vargas
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Whalen v. NBA Properties, Inc.*, Case No. 1:25-cv-6125 (S.D.N.Y.) Supplemental Brief

Dear Judge Vargas:

Pursuant to the Court's September 3, 2025 Order, I write this supplemental letter brief to challenge the enforceability of two arbitration provisions which the NBA's own terms contemplate this Court ought to rule on. Plaintiffs seek to sever the "Mandatory Pre-Dispute Resolution Process," ECF No. 28-4 at 21, on the grounds that it is unconscionable.

As a preliminary matter, Plaintiffs note that the NBA's terms expressly provide that disputes over the "enforceability of the arbitration provision" is for the Court to decide. *See* ECF No. 28-4 at 23. Second, because Plaintiffs are Californians who subscribed to NBA Live and agreed to its Terms in California, California law applies to the threshold question of unconscionability. "Because this case was transferred from the Northern District of California, the Court would ordinarily apply California law to the construction of the Agreement." P*erry v. Floss Bar, Inc.*, 2021 WL 871436, at *4 (S.D.N.Y. Mar. 8, 2021) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964)).

"Under California law, an arbitration agreement … clause, is unenforceable if it is both procedurally and substantively unconscionable." *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 996 (9th Cir. 2010). "California courts apply a 'sliding scale' analysis in making this determination: 'the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.'" *Id*. (citation omitted).

**The NBA's "Mandatory Pre-Dispute Process,"—Which is Subject to the NBA's Unilateral Modification—Gives It A "Free Peek" Of Plaintiff's Claims And A "Mere Opportunity For the Company To Delay Resolution" of Claims**.

The NBA makes consumers jump through a series of hoops just to bring a claim before a neutral decision-maker. The arbitration agreement, which is found in the NBA.com's Terms of Use, provides that, "before initiating a proceeding in arbitration," a claimant must complete a "pre-dispute resolution process" as a "condition precedent." ECF No. No. 28-4 at 21. First, before even filing a claim, Plaintiffs "must give the other party notice of the Dispute by

providing a written 'Notice of Dispute' that is personally signed by you." *Id*. Thereafter, the NBA has "sixty (60) days from the date that the Notice of Dispute is received" to engage in an "informal negotiation" without any arbitrator present. The NBA can further insist on Plaintiffs attending "a telephonic or video settlement conference." *Id*. And if Plaintiffs does anything short of "full compliance with this Mandatory Pre-Dispute Resolution Process," the NBA can "seek related damages in arbitration." *Id*.

Worse still, the NBA states that "new conditions may be imposed, at any time." *Id*. at 1. And the NBA need not even abide by these pre-dispute procedures itself, because it retains the right to "amend[] or modif[y]" its Terms "at any time," and need not even notify Plaintiff. *Id*.

As other courts have held, such these pre-arbitration "non-binding conciliation" procedures which are "subject to unilateral amendment at any time" are both procedurally and substantively unconscionable. *Pokorny*, 601 F.3d at 996. They are procedurally unconscionable because the NBA, as a "large corporation doing business throughout the United States, occupied a superior bargaining position to that of Plaintiffs." *Id*. And because these "rules were subject to unilateral amendment by [defendant] … Plaintiffs [a]re not even given a fair opportunity to review the full nature and extent of the non-binding conciliation and binding arbitration processes." *Id*. at 997. "These problems multiply the degree of procedural unconscionability." *Id*. Indeed, as another court recently reiterated, the "'oppression is even more onerous' when a 'clause pegs both the scope and *procedure of the arbitration to rules which might change*.'" *Heckman v. Live Nation Ent., Inc.*, 120 F.4th 670, 682 (9th Cir. 2024) (citing cases) (finding procedural unconscionability where, as here, the "Terms also permit unilateral modification of the Terms without prior notice.").

The NBA's pre-dispute "non-binding conciliation" process is also "substantively unconscionable" because it gives the NBA "a free peek at [] [P]laintiff[s'] case, thereby obtaining an advantage if and when [] [P]laintiff[s] were to later demand arbitration." *Pokorny*, 601 F.3d at 997 (citing *Nyulassy v. Lockheed Martin Corp.*, 120 Cal. App. 4th 1267, 1283 (2004)). As such, courts applying California law have routinely highlighted "[t]he potential perniciousness of this type of mandatory pre-arbitration settlement efforts." *Carlson v. Home Team Pest Def., Inc.*, 239 Cal. App. 4th 619, 635 (2015).

Worse yet, "the sheer number of steps to the procedure prior to reaching a neutral mediator … suggests that the internal dispute resolution procedures serve largely to create a series of hurdles to be cleared so that only the most persistent [consumers] will ever reach a decision maker outside of the company." *McKinney v. Bonilla*, 2010 WL 2817179, at *7 (S.D. Cal. July 16, 2010) (refusing to enforce provision). Here, before a single Plaintiff can bring an arbitration claim, he must (1) write a "notice of dispute," (2) "personally sign[]," it (3) email it to the NBA, (4) wait up to 60 days for a response, (5) and personally attend a "telephonic or video settlement conference," before a single neutral arbitration lays eyes on this dispute. Likewise, in *Bright v. Am. Home Shield Corp.*, 2022 WL 1626714, at *5 (E.D. Cal. May 23, 2022), the court likewise severed an arbitration agreement's "Dispute Resolution Plan" because it contained "three steps that must be completed before arbitration with a third-party neutral can commence."

Moreover, the provision lets the NBA wait 60 days just to respond to any signed notice of dispute. As another court summarized, such procedures "are essentially mere opportunities for the company to delay resolution of an [consumer]'s claim in the hope that he will give up." *Valdez v. Terminix Int'l Co. Ltd. P'ship*, 2015 WL 12861156, at *6 (C.D. Cal. July 16, 2015), *rev'd other grounds*, 681 F. App'x 592 (9th Cir. 2017). And many of these procedures are needlessly difficult. For example, even though the NBA insists that Plaintiffs are bound by the arbitration agreement by the click of a button, to bring a claim in arbitration, Plaintiffs must "personally sign" a pre-dispute letter and personally attend a "telephonic or video settlement conference," before even being able to go to arbitration.

Such procedures are at odds with the Federal Arbitration Act's purpose of promoting "streamlined proceedings and expeditious results." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1749 (2011). After all, "the purpose of the FAA is to encourage *arbitration*, not mediation or 'senior executive review' or investigations by ombudsmen." *Valdez*, 2015 WL 12861156, at *6 (emphasis in original).

Because these "pre-arbitration dispute resolution steps [are] 'collateral to the main purpose of the contract,' severance is appropriate." *Greer v. Sterling Jewelers, Inc.*, 2018 WL 3388086, at *9 (E.D. Cal. July 10, 2018) (citation omitted); *accord Valdez*, 2015 WL 12861156, at *6 (severing pre-arbitration dispute resolution steps); *Bright*, 2022 WL 1626714, at *5 (same).

Sincerely,

*/s/ Yitz Kopel*

Yitz Kopel

CC: all counsel of record