SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST
NEW YORK, NY 10001-8602
————
TEL: (212) 735-3000
FAX: (212) 735-2000
WWW.SKADDEN.COM

FIRM/AFFILIATE OFFICES
————
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WILMINGTON
————
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(212) 735-3529
DIRECT FAX
(212) 777-3529
EMAIL ADDRESS
MICHAEL.MCTIGUE@SKADDEN.COM

September 26, 2025

**VIA ECF**
Hon. Jeannette A. Vargas
United States District Judge
Southern District of New York
500 Pearl Street, Room 703
New York, New York 10007

Re:   <u>Whalen et al. v. NBA Properties, Inc.</u>, No. 1:25-cv-06125-JAV

Dear Judge Vargas:

In accordance with Your Honor's September 3 Order, we write on behalf of NBA Properties, Inc. ("**NBA**") in response to the supplemental letter ("**Letter**," ECF No. 50) from James Whalen and Victor Fuentes ("**Plaintiffs**") regarding the NBA's pending Motion to Compel Arbitration (ECF No. 27). Specifically, the NBA responds to Plaintiffs' lone and limited request to sever the "Mandatory Pre-Dispute Resolution Process" (the "**Pre-Dispute Process**") from the arbitration agreement in the 2023 Terms of Use that Judge Breyer already found binds the parties.

Plaintiffs' request should be denied because (1) Plaintiffs improperly rely solely on California law despite the parties' agreement that New York law governs and (2) the Pre-Dispute Process is not unconscionable (under either New York or California law). Finally, even if the Pre-Dispute Process was severed, Plaintiffs must still be compelled to arbitration as they have waived any challenge to the rest of the arbitration clause.

**A.   Plaintiffs Rely Solely on California Law, but New York Law Applies Pursuant to the Undisputedly Valid Choice of Law Provision in the 2023 Terms of Use**

Plaintiffs' sole contention is that the Pre-Dispute Process is unconscionable and should be severed under California law, but they ignore the fact that the 2023 Terms of Use—which Judge Breyer already found to be adequately noticed and enforceable (ECF No. 38)—contain a "Choice of Law" provision stating that disputes "will be governed by the laws of the State of New York without regard to its principles of conflicts of laws" (ECF No. 28-4, at 29). Plaintiffs do not and cannot contest that the parties are bound by this provision, nor can they provide any legitimate basis why it should not govern the enforceability of the parties' arbitration agreement.

As Judge Oetken recently recognized when applying New York law to uphold an arbitration provision against unconscionability challenges brought by California plaintiffs:

> [F]ollowing the New York Court of Appeals' instruction that New York courts should not engage in any conflicts analysis where the parties include a choice-of-law provision in their contract, New York courts now "refuse[] to consider the public policy of foreign states—including California—to overturn an otherwise valid contractual choice of law provision."

*Pilon v. Discovery Commcn's, LLC*, 769 F. Supp. 3d 273, 294 (S.D.N.Y. 2025) (citations omitted); *see also Petróleos de Venezuela S.A.v. MUFG Union Bank, N.A.*, 41 N.Y.3d 462, 474 (2024) (inclusion of a New York choice of law clause demonstrates the parties' intent that "courts not conduct a conflict-of-laws analysis," and "obviates the application of both common-law conflict-of-laws principles and statutory choice-of-law directives") (citations omitted).[1]

### B. The Pre-Dispute Process Is Not Unconscionable

Under New York law, a contract is unconscionable only "when it is so grossly unreasonable or unconscionable in the light of the mores and business practices of the time and place as to be unenforceable according to its literal terms." *Pilon*, 769 F. Supp. 3d at 296 (citations omitted). That is not remotely the case here. Indeed, pre-dispute resolution procedures like the NBA's are routinely upheld by courts, even under California law.

#### 1. *The Pre-Dispute Process Is Not Procedurally Unconscionable*

**First**, Plaintiffs' contention that the Pre-Dispute Process is procedurally unconscionable for want of notice is foreclosed by Judge Breyer's holding that Plaintiffs had sufficient notice of the 2023 Terms of Use, including the subsequent update. (ECF No. 38, at 14 (email notification of the updated terms "was an enforceable modification that gave sufficient notice to Plaintiffs").) Indeed, in the August 27 joint letter, **Plaintiffs concede they "can no longer challenge notice of the arbitration clause pursuant to the law of the case."** (ECF No. 48, at 2.)[2]

**Second**, Plaintiffs' argument that the NBA is a "large corporation" with a "superior bargaining position" fares no better. "[I]n New York, being offered contract terms on a 'form . . . offered on a take-it-or-leave-it basis' is generally 'insufficient to render the contract unconscionable, particularly when the [party charging unconscionability] had the ability' to take its business elsewhere." *Pilon*, 769 F. Supp. 3d at 296 (quoting *Anonymous v. JPMorgan Chase & Co.*, 2005 WL 2861589, at *6 (S.D.N.Y. Oct. 31, 2005)). Even under California law, provisions

---

[1] Plaintiffs cite *Perry v. Floss Bar, Inc.* to argue "[b]ecause this case was transferred from the Northern District of California, the Court would ordinarily apply California law to the construction of the Agreement," but **ignore the next line in that opinion**: "However, the Agreement included a choice of law provision." 2021 WL 871436, at *4 (S.D.N.Y. Mar. 8, 2021). The *Perry* court concluded that the relevant agreement was governed by Delaware law as per its choice of law provision. *Id.* at 7.

[2] To the extent Plaintiffs are suggesting (incorrectly) that there is procedural unconscionability because the NBA can theoretically change the terms of the arbitration clause without notice, that argument is purely academic in light of Plaintiffs' concession that they in fact received notice of the 2023 Terms of Use. *See Sacchi v. Verizon Online LLC*, 2015 WL 765940, at *7 (S.D.N.Y. Feb. 23, 2015) (declining to address unconscionability challenge to unilateral change of terms provision where Plaintiff received notice).

Hon. Jeannette A. Vargas
September 26, 2025
Page 3

that are sufficiently noticed (as here) do not give rise to procedural unconscionability. *Brooks v. WarnerMedia Direct, LLC*, 2024 WL 3330305, at *16 (S.D.N.Y. July 8, 2024) (agreement to arbitrate before NAM was not procedurally unconscionable where it was "not hidden," even as it applied retroactively to preexisting claims).

### 2. *The Pre-Dispute Process Is Not Substantively Unconscionable*

Plaintiffs principally argue that the Pre-Dispute Process is non-mutual and "needlessly difficult," such that most consumers would abandon arbitration. This argument fails on both the facts and the law, as Plaintiffs mischaracterize the procedures at issue here and ignore the cases plainly upholding similar pre-dispute resolution procedures. The informal negotiation procedures in the 2023 Terms of Use are neither unilateral nor onerous.

**First**, Plaintiffs are simply wrong about the mutuality of the Pre-Dispute Process. By its express terms, all aspects of the Pre-Dispute Process apply to **both** the NBA and subscribers. (ECF No. 28-4, at 21-22.) **Second**, the Pre-Dispute Process is straightforward and unremarkable. As plaintiffs recognize, the parties need only email a signed notice of dispute providing basic information about a claim, appear at a telephonic or video conference if requested by the other party, and "wait up to 60 days" to arbitrate following the notice. Plaintiffs do not and cannot articulate any prejudice arising from the 60-day period, including because the 2023 Terms of Use provide that any applicable limitations period is tolled during the pendency of the Pre-Dispute Process. (*Id.* at 22.)

The foregoing complies with New York law, and courts applying New York law routinely and strictly enforce conditions precedent to bringing an action. *See, e.g.*, *ISS Facility Servs., Inc. v. Fedcap Rehab. Servs., Inc.*, 2021 WL 2784550, at *4 (S.D.N.Y. July 2, 2021) (dismissing "for failure to comply with a contractual condition precedent"); *Benex LC v. First Data Merch. Servs. Corp.*, 2016 WL 1069657, at *4 (E.D.N.Y. Mar. 16, 2016) (same).

Even under California law, pre-dispute provisions in consumer agreements like the NBA's are enforceable. In *Bielski v. Coinbase, Inc.*—which post-dates and expressly distinguishes certain of the much older decisions relied on by Plaintiffs in their Letter—the Ninth Circuit *reversed* a district court finding that a pre-arbitration dispute resolution provision was unenforceable, even though (unlike here) the provision was unilateral. 87 F.4th 1003, 1015 (9th Cir. 2023). The Ninth Circuit emphasized that "[p]re-arbitration dispute resolution procedures are commonplace and can be both 'reasonable and laudable.'" *Id.* at 1014 (citation omitted); *see also Brooks*, 2024 WL 3330305, at *18 n.9 (requirement that "consumers prepare and sign a detailed notice of dispute" is not "'onerous or beyond the reasonable expectation of the user' as to amount to substantive unconscionability") (citations omitted); *In re BAM Trading Servs. Inc. Sec. Litig.*, 733 F. Supp. 3d 854, 867 (N.D. Cal. 2024) (requirement that consumer mail notice of intent to arbitrate was not "beyond the reasonable expectation of the consumer" or otherwise unconscionable).

Plaintiffs rely solely on decisions (applying non-New York law) in the inapposite context of **employment** agreements that unilaterally imposed distinguishable and truly onerous requirements on employees before they could arbitrate claims against their employers. *See*

Hon. Jeannette A. Vargas
September 26, 2025
Page 4

*McKinney v. Bonilla*, 2010 WL 2817179, at *7-*8 (S.D. Cal. July 16, 2010) (employer dispute resolution policy required employees to complete "additional steps that are not required of the employer," including seeking informal resolution with a supervisor, submitting disputes in writing to senior management, presenting claims to a three-member employee panel, and attempting resolution with an ombudsman); *Bright v. Am. Home Shield Corp.*, 2022 WL 1626714, at *4 (E.D. Cal. May 23, 2022) (prior to arbitrating, employees must have informal discussions with HR or an ombudsman, be subject to a senior executive committee investigation, and invoke mediation).[3]

Plaintiffs' related argument that the procedures are unconscionable because they would give the NBA a "free peek" at Plaintiffs' case fails for similar reasons: (1) there is no such concern under New York law and (2) even with respect to California law, that concern is limited to the **employment** context. Moreover, any "free peek" possibility here is mutual. *See, e.g.*, *Taft v. Henley Enters., Inc.*, 2016 WL 9448485, at *8 (C.D. Cal. Mar. 2, 2016) (rejecting "free peek" unconscionability argument because "the provision is mutual and applies to any party who wants to arbitrate a dispute"). Regardless, there is no prejudice in requiring a party to provide a basic description of the nature and basis of the relief sought for a claim, as that "provide[s] no more information than a plaintiff's initial complaint in a judicial proceeding." *Id.* These procedures merely give the parties the laudable opportunity to resolve disputes before the commencement of formal proceedings. *See Bielski*, 87 F.4th at 1014-15.

## C.   In Any Event, Plaintiffs' Request to Sever Cannot Prevent Arbitration

Plaintiffs' unconscionability arguments are strictly limited to the Pre-Dispute Process, and Plaintiffs merely seek to sever that specific provision from the arbitration agreement. Plaintiffs do not contend (and have now waived any argument) that any other aspect of the arbitration agreement in the 2023 Terms of Use is otherwise unconscionable or unenforceable.

Accordingly, the Letter is effectively academic with respect to the pending motion to compel arbitration. Even if the Pre-Dispute Process was severed (and it should not be), the parties have agreed that this dispute belongs in arbitration.

Respectfully submitted,

*/s/ Michael W. McTigue*

Michael W. McTigue Jr.

cc:   All counsel of record (by ECF)

---

[3]   The decision in *Valdez v. Terminix International Co. Limited Partnership*, 2015 WL 12861156 (C.D. Cal. July 16, 2015), is even farther afield. Applying **Tennessee** law, the court found an employment agreement providing that a failure to "exhaust . . . contractual remedies may be raised as an affirmative defense in arbitration" was ambiguous, confusing, raised the prospect of barring the employee from obtaining relief on statutory claims based on procedural defaults, and created "anomalies that are not easily resolved." *Id.* at *5-6 (citation omitted).