```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
JAMES WHALEN, et al.,                                             :
                                                                  :
                             Plaintiffs,                          :   25-CV-06125 (JAV)
                                                                  :
              -v-                                                 :   OPINION AND ORDER
                                                                  :
NBA PROPERTIES, INC,                                              :
                                                                  :
                             Defendant.                           :
------------------------------------------------------------------X
```

JEANNETTE A. VARGAS, United States District Judge:

On July 16, 2025, the Honorable Charles R. Breyer from the United States District Court for the Northern District of California (the "Transfer Court") granted Defendant's Motion to Transfer this case to the Southern District of New York but left the pending Motion to Compel Arbitration, ECF No. 27, up to the transferee court. ECF No. 38 ("Transfer Order") at 15. This case was transferred and reassigned to the undersigned on July 25, 2025.

On August 27, 2025, the Court permitted supplemental letter briefing regarding the Motion to Compel Arbitration. ECF No. 49. Plaintiffs argue that the "Mandatory Pre-Dispute Resolution Process" (the "Pre-Dispute Process") outlined in the arbitration agreement in the 2023 Terms of Use is unconscionable and therefore unenforceable. ECF No. 50 ("Pls. Ltr.") at 1-2. Plaintiffs seek to sever these provisions. *Id* at 1-3.

For the reasons that follow, the Motion to Compel Arbitration is **GRANTED** and Plaintiffs' request to sever the Pre-Dispute Process is **DENIED**.

## BACKGROUND

On January 31, 2025, Plaintiffs James Whalen and Victor Fuentes ("Plaintiffs") initiated this action against Defendant NBA Properties Inc. ("Defendant" or "NBA") for violations of the Video Privacy Protection Act, 18 U.S.C. Section 2710.  ECF No. 1 ("Compl.") at 1.  Plaintiffs allege that they signed up and subscribed for "League Pass," a pass from the NBA which grants Plaintiffs access to exclusive materials.  Compl., ¶¶ 107, 114.  Plaintiffs allege that Defendant transmitted their Personally Identifying Information to third parties and sought to certify two classes.  *Id.*, ¶¶ 128-129.

On April 28, 2025, Defendant filed a Motion to Transfer the case to the United States District Court for the Southern District of New York.  ECF No. 26.  On that same day, Defendant filed a Motion to Compel Arbitration.  ECF No. 27 ("Def. Mot. to Compel").

In Plaintiffs' opposition, Plaintiffs argued that "there was no notice of the arbitration clause or forum selection clause."  ECF No. 31 ("Pls. Opp'n Br.") at 15.  Plaintiffs reserved the right to challenge the enforceability of Defendant's arbitration procedures, noting that "Defendant's mass arbitration procedures may be unconscionable, or render Defendant's entire agreement unconscionable."  *Id.* (cleaned up).

On July 16, 2025, Judge Breyer granted Defendant's Motion to Transfer the case to the Southern District of New York but left the pending Motion to Compel Arbitration up to this Court to resolve.  Transfer Order at 15.  The Transfer Court

determined that Plaintiffs had notice of the terms of the contract – namely, the forum selection clause – and found that the contracts containing the clauses at issue were enforceable. *See id.* at 1; *see also id.* at 4 ("In short, both the 2021 and 2023 Terms of Use included the arbitration clause, but only the 2023 Terms of Use included the forum selection clause."). Further, as the Transfer Order outlined, "[r]ecords indicate that neither [Plaintiffs] ever attempted to opt out of the arbitration agreement contained in either of the terms of use." *Id.* This case was transferred and reassigned to the undersigned on July 25, 2025.

Familiarity with the underlying facts of the case is assumed, as outlined by the Transfer Order. *See* Transfer Order at 1-4.

## LEGAL STANDARDS

The Federal Arbitration Act, 9 U.S.C. §§ 1-16 (the "FAA"), "reflects a liberal federal policy favoring arbitration agreements and places arbitration agreements on the same footing as other contracts." *Meyer* v. *Uber Techs., Inc.*, 868 F.3d 66, 73 (2d Cir. 2017) (cleaned up). The FAA establishes that "[a] written provision in a contract to settle by arbitration a controversy thereafter arising out of such contract shall be valid, irrevocable, and enforceable[.]" 9 U.S.C. § 2 (cleaned up). Any party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" may seek an order from the district court directing that "arbitration proceed in the manner provided for in such agreement." *Id.* § 4.

"In accordance with the 'strong federal policy favoring arbitration as an alternative means of dispute resolution,' a court must resolve any doubts concerning the scope of arbitrable issues 'in favor of arbitrability.'" *DiTella v. TransUnion, LLC*, 23-CV-11028 (KPF), 2024 WL 3594567, at *4 (S.D.N.Y. July 31, 2024) (quoting *Daly v. Citigroup Inc.*, 939 F.3d 415, 421 (2d Cir. 2019)).

Courts consider two factors in determining whether a dispute is arbitrable: "(1) whether the parties agreed to arbitrate, and, if so, (2) whether the scope of that agreement encompasses the claims at issue." *Holick v. Cellular Sales of New York, LLC*, 802 F.3d 391, 394 (2d Cir. 2015) (quotation marks and citations omitted). As to the first prong of the test, this is a question "governed by state-law principles of contract formation." *Starke v. SquareTrade, Inc.*, 913 F.3d 279, 288 (2d Cir. 2019).

In deciding motions to compel arbitration, courts generally apply a similar standard to that applicable to a motion for summary judgment. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (citation omitted). Courts must consider all relevant, admissible evidence submitted by the parties and draw all reasonable inferences in favor of the non-moving party. *Id.* (citations omitted).

## DISCUSSION

Plaintiffs seek "to sever the 'Mandatory Pre-Dispute Resolution Process' on the grounds that it is unconscionable." Pls. Ltr. at 1 (cleaned up). The Pre-Dispute Process requires that the party seeking to initiate an action needs to first email a signed notice of dispute to the other party providing basic information about a claim. ECF No. 28-4 at 21-22. The party must appear at a telephonic or video

conference if requested by the other party. *Id.* at 24. The parties then have 60 days from the date the notice of dispute is received to engage in an informal negotiation to resolve the issue. *Id.* at 21.

The Terms of Use contains a Choice of Law provision, which provides that "these Terms of Use and any Disputes between you and the Operator will be governed by the laws of the State of New York without regard to its principles of conflicts of laws." ECF No. 28-4 at 29. The parties nonetheless disagree on whether California or New York law governs. Pls. Ltr. at 1; ECF No. 51 ("Def. Opp'n Ltr.") at 1. The Court declines to resolve this issue, as it finds that the Mandatory Pre-Dispute Resolution Process is not unconscionable under either New York or California law.

### A. California Law

Under California Law, an unconscionability defense "'requires both procedural and substantive unconscionability.'" *In re Google Digital Advertising Antitrust Litigation*, 763 F. Supp. 3d 563, 573 (S.D.N.Y. 2025) (quoting *Basith v. Lithia Motors, Inc.*, 90 Cal. App. 5th 951, 953 (Cal. Ct. App. 2023)). "Procedural unconscionability considers whether there was 'oppression and surprise' in an agreement's terms, such as 'an absence of meaningful choice' due to unequal bargaining power or obscure terms hidden within a prolix agreement." *Id.* (quoting *Fisher v. MoneyGram Int'l, Inc.*, 66 Cal. App. 5th 1084, 1094 (Cal. Ct. App. 2021) (cleaned up)). The *Google* court provided examples of procedural

unconscionability, including "the use of unreadably small print or the presence of an illusory opt-out provision." *Id.* (citations omitted).

In terms of substantive unconscionability, the *Google* court explained that an agreement is unconscionable when the terms are "overly harsh or one-sided." *Id.* (cleaned up) (citation omitted). Whether one side maintains a greater advantage does not render this factor dispositive. *Id.* (citation omitted). "[R]ather, the term must be so one-sided as to shock the conscience." *Id.* (citation omitted).

As determined by the Transfer Court, the contracts containing the choice of law, forum selection clause, and arbitration clauses were valid contracts. *See* Transfer Order at 5-15. The Transfer Court established that Plaintiffs had sufficient notice of the terms of the contact. Transfer Order at 9 (determining that Plaintiffs had constructive notice of the agreement); *see id.* at 11 ("Thus, both agreements and hyperlinks are reasonably conspicuous, and a reasonably prudent internet user would be put on notice that they would be bound by the terms found in each hyperlink."); *id.* at 11-13 (determining that "the email notification of the updated terms of use was an enforceable modification that gave sufficient notice to Plaintiffs"). As such, the Court declines to find any procedural unconscionability as it pertains to the Pre-Dispute Process. The Court echoes the Transfer Court's finding that there was sufficient notice of the terms, and as such, Plaintiffs have failed to show that there was oppression and surprise. *See Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1014 (9th Cir. 2023) ("Pre-arbitration dispute resolution procedures are commonplace and can be both reasonable and laudable." (cleaned up)).

The Court similarly finds that the Pre-Dispute Process is not substantively unconscionable. The cases cited by Plaintiffs of extreme one-sidedness of pre-dispute procedures arise in the context of employment disputes. Def. Opp'n Ltr. at 3-4. Indeed, in those cases, employees who wanted to bring suit against their employers had to jump through one-sided hurdles and accomplish non-mutual pre-requisites. *See* Pls. Ltr. at 2 (citing *McKinney v. Bonilla*, No. 07-CV-2373 (WQH) (CAB), 2010 WL 2817179, at *7-8 (S.D. Cal. July 16, 2010)). The Pre-Dispute Process applies to both parties, *see* ECF No. 28-4 at 21, which is distinguishable from the *Pokorny* case Plaintiffs rely on, *see* Pls. Ltr. at 1-2 (citing *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 996 (9th Cir. 2010)). For example, in *Pokorny*, only the plaintiffs were unilaterally required to resolve any claims against defendant through informal and formal channels. *Pokorny*, 601 F.3d at 998; *see Carlson v. Home Team Pest Defense, Inc.*, 239 Cal. App. 4th 619, 34-37 (Cal Ct. App. 2015) (finding the arbitration agreement at issue substantively unconscionable where only employees had to arbitrate and meet pre-arbitration demands, while the employer could proceed in court). In this case, however, the Pre-Dispute Process requirements are bilateral – meaning the NBA must also engage in the Pre-Dispute Process if it seeks to bring any claims.

Plaintiffs will face no prejudice complying with the Pre-Dispute Process. Indeed, any slight delay – here, *up to* 60 days – is not like the substantive unconscionability that the *Pokorny* plaintiff encountered regarding time limitations. *Compare* ECF No. 28-4 at 22 (tolling "[a]ny applicable limitations period (including

statutes of limitations)" while the parties engage in the informal process) *with Pokorny*, 601 F.3d at 998 (providing an example of substantive unconscionability where there were "stringent time limitations on the plaintiff's assertion of any claims against the defendant without placing any similar limitations on the defendant's right to bring claims against the plaintiff"). Indeed, the Ninth Circuit emphasized the time limitations in its analysis in *Bielski*, where a contract was substantively unconscionable due to, *inter alia*, the "time restriction on the non-drafting parties' ability to bring claims against the drafting party." *Bielski*, 87 F.4th at 1015 (declining to find substantive unconscionability in a case involving a pre-arbitration dispute resolution process).

Plaintiffs argue that the Pre-Dispute Process gives Defendant a "free peek" at Plaintiffs' claims. Pls. Ltr. at 1-2. The Ninth Circuit addressed the "free peek" argument in *Bielski* as well. There, the Ninth Circuit acknowledged that "only [Defendant's] users must engage in the pre-arbitration dispute resolution process, giving [Defendant] a 'free peek' at users' potential claims without affording users that same opportunity." *Bielski*, 87 F.4th at 1015. The Court determined, however, that the clause at issue was not substantially unconscionable, considering the pre-arbitration procedures were not "overly harsh or unfairly one-sided." *Id.* At bottom, the minimal burdens imposed by the Pre-Dispute Process are a far cry from the type of provisions that California law recognizes as "shock[ing] the conscience."

### B. New York Law

"In New York, a finding of unconscionability requires a showing that the contract was both procedurally and substantively unconscionable, amounting to 'some showing of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party.'" *Pabon v. HRB Digital LLC*, No. 23-CV-5363 (EK) (ARL), 2025 WL 2254008, at *4 (E.D.N.Y. Aug. 7, 2025) (citation omitted). Plaintiffs do not engage in an analysis of unconscionability under New York law. *See generally* Pls. Ltr. However, as discussed *supra* in the Court's analysis of procedural unconscionability under California law, the Pre-Dispute Process is not procedurally unconscionable under New York Law.

As Defendant points out, courts in this District have dismissed cases for failure to comply with a contractual condition precedent where a contract called for the completion of a dispute resolution process before initiating an action in the courts. Def. Opp'n Ltr. at 3 (citing *ISS Facility Servs., Inc. v. Fedcap Rehab. Servs., Inc.*, No. 20-CV-6591 (RA), 2021 WL 2784550, at *4 (S.D.N.Y. July 2, 2021)); *see also Merch. House Inc. v. Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc.*, No. 12-CV-6982 (RJS), 2013 WL 3270331, at *1-4 (S.D.N.Y. May 31, 2013) (dismissing breach of contract claim for failure to comply with a contractual pre-litigation dispute resolution requirement). The Court is persuaded by Defendant's cited authority. As such, the Court declines to find that the Pre-Dispute Process is substantively unconscionable.

## CONCLUSION

Finding no unconscionability in the Pre-Dispute Process under either New York or California law, the Court declines to sever the Pre-Dispute Process provisions or hold that the entire arbitration clause is void.

Accordingly, for the foregoing reasons, Defendant's motion to compel arbitration is **GRANTED** and the case is stayed pending the outcome of arbitration. *See* 9 U.S.C. § 3 (mandating that a court "shall on application of one of the parties stay the [case] until such arbitration has been had" if the court is satisfied that the issue involved in the suit is referable to arbitration).

The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 27 and to stay this case. The parties shall file a joint status report regarding the progress of the arbitration by **March 13, 2026**, and every six months thereafter.

SO ORDERED.

Dated: October 28, 2025
      New York, New York

                                          JEANNETTE A. VARGAS
                                          United States District Judge